McKinney, J.,
delivered the opinion of the court.
This was. an action of ej ectment, in the circuit court of Cannon, brought by the defendant against the jffaintiff in error.
The lessor of the plaintiff claims title to the premises described in the declaration, under a purchase at execution sale.
On the 18th of January, 1839, Thomasson recovered a judgment against Keaton, in the circuit court of Cannon, upon which an execution issued, and was levied on the tract of land first described in the declaration.
On the 12th of May, 1840, said tract of land was sold by the sheriff, and Thomasson, the judgment cred *139 itor, became the purchaser; but the sheriff’s deed, conveying to him said tract of land, was not executed until the 23d of December, 1844.
The present action was commenced on the 15th September, 1848, against Keaton, the judgment debtor, who was in the actual possession of said tract of land, at the time of the levy and sale, and who has ever since continued in possession thereof, “ claiming to hold for himself.”
More than seven years having elapsed between the sale of said tract of land, and the comisan cement of this action, during all which time sion, claiming to hold the land forN of limitations was relied upon, as a , sought by the lessor of the plaintii
And with reference to this groi circuit Judge instructed the -jury, thaF* limitations did not commence to run in favor of the defendant, until after the sheriff’s deed was executed” to the lessor of the plaintiff.
This instruction was clearly erroneous. It is true, that the effect of an execution sale, of real property, is very different from that of personal property. The levy of an execution upon personal chattels, divests the title of the debtor, and vests it in the sheriff; and by the mere force of the sale and delivery of possession to the purchaser, he becomes vested with a legal title to the property purchased. , But such is not the legal result in the case of real estate. The levy of an execution upon land does not divest the title of the judgment debtor. It vests the sheriff with no interest in the property, neither the legal title or possession is transferred to the purchaser by force of the sale.
*140 The sheriff’s deed, by operation of law, transfers the legal title to the purchaser, and he is left to resort to an action of ejectment to gain the possession, if withheld by the former owner. By virtue of the levy and sale alone, the purchaser acquires, at most, only an equitable title to the land purchased. 10 Humph., 24. But, as the sheriff’s deed is founded on the levy and sale, it has relation, whenever executed, to such levy and sale, and vests the purchaser, by such relation, with the legal title, at least from the date of the sale, if not from the levy, which is the inception of the title. See 1 Hump., 80; 8 Humph., 685.
From the date of the sale, at least, the judgment debtor, in possession of the land sold, is in a condition to assert a claim adverse to that of the purchaser. The latter is immediately entitled to a deed, and to the possession of the land, if it can be acquired peaceably.
But whether he obtains a conveyance from the sheriff or not, is wholly immaterial, so far as respects the operation of the statute of limitations, in favor of the judgment debtor remaining in possession, and claiming to hold adversely, in point of fact, to the title acquired by the purchaser; for although it be true, that until the execution of the sheriff’s deed, the purchaser has only an equitable interest or title, and therefore could not sue in ejectment to recover possession of the premises ; still, it is no less true, that the statute of limitations of 1819, has precisely the same effect and operation upon equitable as upon legal titles, and alike protects the right of the person in possession holding adversely, as against both.
It would be absurd to suppose, that the mere delay, or negligence, of the purchaser in procuring a deed *141 from tbe sheriff, could have the effect of preventing the bar of the statute from attaching in favor of the adverse possessor.
. It is true, that the judgment debtor, if he remain in possession after the sale, is regarded, in the absence of all evidence to the contrary, as occupying the relation of quasi tenant at will to the purchaser. But, this is a mere presumption of law, which may be rebutted by showing that, in fact, he was holding adversely to the right of purchaser.
He is under none of the positive obligations growing out of the relation of tenant by actual contract.
His relation rests upon mere acquiescence, and may, by his own act, be put an end to at any moment. 10 Humph., 214, 221; 1 Swan, 3, 10.
It follows, that the judgment of the circuit court is erroneous and must .be reversed.